# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ERIC W. SCHOFIELD,

    Plaintiff,

v.

SURAJ PROPERTIES, INC., HIMANSHU
J. PATADIA, PRITA H. PATADIA, and
SURAJ INVESTMENTS, INC.,

    Defendants.
_____/

CASE NO. 8:18-cv-30-02JSS
(Consolidated for trial with
8:18-cv-31 and 8:18-cv-42)

ERIC SCHOFIELD, as father and
natural guardian of E.D.S., a minor,

    Plaintiff,

v.

SURAJ PROPERTIES, INC., HIMANSHU
J. PATADIA, PRITA H. PATADIA, and
SURAJ INVESTMENTS, INC.,

    Defendants.
_____/

CASE NO. 8:18-cv-31-T-02JSS

AMANA LEWIS,

    Plaintiff,

v.

SURAJ PROPERTIES, INC., HIMANSHU
J. PATADIA, PRITA H. PATADIA, and
SURAJ INVESTMENTS, INC.,

    Defendants.
_____/

CASE NO. 8:18-cv-42-T-02AEP

**O R D E R**

This matter came before the Court for a hearing on March 19, 2019, upon the parties' respective motions for summary judgments. Dkt. 70, 75. These rulings apply to all three of the related cases, Case Nos. 8:18-cv-30, 31, and 42. The cases have been consolidated already for trial. Dkt. 84. The Court appreciates the parties' filings and arguments in Court.

Plaintiffs bring suit here under the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act (FMWA). The Court denies Plaintiffs' partial motion for summary judgment on Defendants' 11th defense. There is a sufficient factual basis to permit Defendants to offer as a defense the remuneration paid by free rent. The Plaintiffs point out a lack of sharp record keeping on this subject, a fact (and duty) that Defendants dispute. The remunerative nature of the dwelling rooms was part of the parties' commercial dealings and was a substantial part of the consideration to Plaintiffs. The precise reasonable cost or value of the remuneration is contested, although two of the Plaintiffs apparently listed this remuneration either on their tax returns or their applications for food assistance with the State of Florida. Further, it appears that this regulatory record keeping requirement may not apply to FMWA claims.

The Court finds no contested issue of material fact that these Plaintiffs would be classed as "employees" and not "independent contractors," thus granting in part Plaintiffs' motion. Dkt. 70. The criteria for this determination is well stated by the case law, and it strongly supports that these Plaintiffs were not independent economic actors of the contractor variety. They were employees. This ruling is without prejudice to the Defendants' contention that no remunerative work was performed at all by EDS or Amanda Lewis.

The Court finds no contested issue of material fact to support that the Defendants acted "willfully" as that state of mind applies under the FLSA, or the FMWA (Fla. Stats. §§ 448.110; 95.11(2)(d) and (3)(q)). The proof Plaintiffs offer of this behavior is, basically, that Mr. Patadia testified he was aware that employees should be paid, and should receive overtime for work in excess of 40 hours per week. This is insufficient to find recklessness. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). This was an unsophisticated "mom and pop" operation run on a "seat of the pants" basis by lay persons unlearned in the law and regulations. Thus the Defendants' motion is granted in part, on the "willfulness" issue.

Because of the Court's determination as to this state of mind, the statute of limitations is thereby affected. The parties should take this into account in reformulating jury instructions and verdict forms.

The Court finds no issue of material fact to support that the Plaintiffs had "individual coverage" under the FLSA. They were not "engaged in commerce" or "engaged in the production of goods for commerce." 29 U.S.C. §§ 206, 207. The nature of the Plaintiff's activities (especially Lewis and EDS) were entirely custodial in these two very small, rudimentary transient motels. *Marshall v. Whitehead*, 463 F.Supp. 1329, 1345 (M.D. Fla. 1978); *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828 (5th Cir. 2007). This is quintessential local, not interstate, activity.

Applicability of the FLSA to Plaintiffs' claims is a question of law. *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986); *Reich v. Stewart*, 121 F.3d 400, 404 (8th Cir. 1997). Defendants' motion is granted in part. Accordingly, the Plaintiffs must prove their case through the enterprise method.

Concerning the enterprise or entity involved, plainly the unified commercial entity at issue here was the El Jon Motel (Suraj Properties, Inc.) and the Budget Motel (Suraj Investments, Inc.). The Court received supplemental briefing from the parties on whether the Davidson Duplexes were part of the joint enterprise.

The Court will reserve on this issue (whether the duplexes are included) until the final pretrial conference. In any event, the FLSA $500,000 jurisdictional threshold for this alleged joint entity is subject to disputed factual proof, to be resolved at trial. This would affect the FLSA claims only.

Finally, the Court asked the parties to address the presence of the individual Defendants in the case. The Court is not inclined to dismiss out or grant summary judgment relief on this ground, although Defendants are free to assert any appropriate trial motion, should sufficient proof as to individual liability fail.

The Court is available if the parties need assistance prior to the April 26, 2019, 9:00 a.m. final pretrial conference. Trial will commence April 29, 2019 at 9:00 a.m. in Courtroom 15 B.

It is therefore **ORDERED AND ADJUDGED** as follows:

1) In Case No. 8:18-cv-30, Plaintiff's Motion for Partial Summary Judgment (Dkt. 70) is granted in part and denied in part. Defendant's First Motion for Summary Judgment (Dkt. 75) is granted in part and denied in part.

2) In Case No. 8:18-cv-31, Plaintiff's Motion for Partial Summary Judgment (Dkt. 48) is granted in part and denied in part. Defendant's

First Motion for Summary Judgment (Dkt. 55) is granted in part and denied in part.

3) In Case No. 8:18-cv-42, Plaintiff's Motion for Partial Summary Judgment (Dkt. 55) is granted in part and denied in part. Defendant's First Motion for Summary Judgment (Dkt. 62) is granted in part and denied in part.

**DONE AND ORDERED** at Tampa, Florida, on April 1, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record